■ ALDONNA SYSKO et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant, and BURLINGTON ELEVATORS, INC., et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County, entered February 20, 1980, unanimously reversed, on the law and the facts, and the complaint dismissed, without costs or disbursements. Plaintiff, arriving aboard ship at the Hudson River Passenger Ship Terminal operated by defendant-appellant authority, entered an elevator at dock level to be transported to the street. Entrance to the elevator at the upper level was through a door opposite the side of the car from which the passengers were to exit upon arrival below. There were no signs advising of this fact. When the car reached the street, there was a jolt. Plaintiff stumbled and fell, causing the injuries for which suit was brought. There is nothing in the record to indicate any causal relation between plaintiff's fall and either the jolt or the absence of signs. Nor was there any evidence that the fall was due either to any defect in design or equipment, or failure of maintenance or operation. Indeed, though requested to do so, the trial court refused to submit special interrogatories to the jury so that the general verdict tells us nothing on this score. However, the evidence provided no basis for a finding of negligence on defendant-appellant's part on any theory whatever. Concur—Sullivan, J. P., Markewich, Bloom, Lynch and Carro, JJ.

■ In the Matter of REALTY 1679, INC., Respondent, v TAX COMMISSION OF THE CITY OF NEW YORK, Appellant.—Judgment, Supreme Court, New York County, entered on or about September 7, 1978, granting to some extent in a tax certiorari proceeding a petition to reduce tax assessments, unanimously affirmed, without costs. We note that the decision at Special Term granting to some extent in a tax certiorari proceeding a petition to reduce tax assessments failed to comply with the requirement of subdivision 2 of section 720 of the Real Property Tax Law that such decision or final order "shall contain the essential facts found upon which the ultimate finding of facts is made." (See Matter of Hotel Blackstone v Tax Comm. of City of N. Y., 73 AD2d 886.) However, this quite short record adequately discloses the principal issue presented. In essence, Special Term was confronted with a disagreement between expert witnesses as to the appropriate capitalization rate to be applied to the commercial property in question. We are satisfied that the record provides adequate support for Special Term's determination. Concur—Kupferman, J. P., Birns, Fein, Sandler and Lupiano, JJ.